UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

PET-AG, INC., a Delaware corporation,

        Plaintiff,                    MOTION TO DISMISS

  -against-                            1:22-cv-02047

REEFTEC SYSTEMS, LLC, a Nevada limited
liability company, BRIAN GYSEGEM,
a natural person, and JOHN DOES 1-10,
individually or as corporations/business entities.

        Defendants.

_____

      The Defendants, REEFTEC SYSTEMS, LLC, a Nevada limited liability company ("Reeftec"), and BRIAN GYSEGEM ("Defendant" or "Gysegem") (collectively "Defendants") hereby move for the entry of a dismissal and, in support, state:

## FACTUAL BACKGROUND

      On April 20, 2022, Plaintiff, PET-AG, Inc. ("Pet AG") filed a lawsuit against Defendants, REEFTEC SYSTEMS, LLC, a Nevada limited liability company ("REEFTEC"), and BRIAN GYSEGEM, a natural person ("GYSEGEM") for counts of Trademark Infringement, Unfair Competition, Violation of the Illinois Uniform Deceptive Trade Practices Act; Common Law Trademark; and Tortious Interference with Existing Contracts and Business Relationships. These counts are all based on the claims asserted by Plaintiff that allegedly Reeftec, a corporation that runs an Amazon Store called R T S with only one managing member, Gysegem, is selling counterfeit Pet AG items   [DE1, paragraphs 2- 7].

## MEMORANDUM OF LAW

It is well settled law that limited liability companies or LLCs are legal entities, separate and distinct from the people who create and own them.[1] These people are called corporate shareholders or LLC members. One of the principal advantages of forming a corporation or an LLC is that because the corporation or LLC is considered a separate entity (unlike partnerships and sole proprietorships), the owners and managers have limited personal liability. The Seventh Circuit has agreed that "the debts, obligations, and liabilities of a limited liability company … are solely the debts, obligations, and liabilities of the company"; a member of the LLC "is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager."[2] Courts might pierce the corporate veil and impose personal liability on officers, directors, shareholders, or members when all of the following are true: First, there is no real separation between the company and its owners. For example, if the owners fail to maintain a formal legal separation between their business and their personal financial affairs, a court could find that the corporation or LLC is really just a sham (the owners' alter ego) and that the owners are personally operating the business as if the corporation or LLC did not exist. Secondly, the company's actions were wrongful or fraudulent. If the owner(s) recklessly borrowed and lost money, made business deals knowing the business could not pay the invoices, or otherwise acted recklessly or dishonestly, a court could find financial fraud was perpetrated and that the limited liability protection should not apply. Lastly, the company's creditors suffered an unjust cost**.** If someone who did business with the company is left with unpaid bills or an

---

[1] *Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724, 730 (7th Cir. 2014).
[2]  *Siragusa v. Collazo* (*In re Collazo*), 817 F.3d 1047, 1053-54 (7th Cir. 2016) citing 805 ILCS 180/10-10(a).

unpaid court judgment and the above factors are present, a court will try to correct this unfairness by piercing the veil.

A) Gysegem Should be Personally Dismissed from all Claims as he is NOT a Party to ANY Agreement with Amazon:

When an officer signs a contract as an agent of his corporation, he risks no personal liability.[3] Reeftec's contract with Amazon did not have a personal guarantee, nor did Gysegem sign the agreement in his personal capacity. As there is no personal jurisdiction over Mr. Gysegem, the Court should immediately order his dismissal.

i) The Amazon Services Business Solutions Agreement Stipulates the Contract is Between the Business Entity and Amazon

By the terms of the operative agreement with Amazon, the party that signed the contract with Amazon was Reeftec. The storefront is RTS and on the Amazon platform it is registered to ReefTec Systems, LLC. Gysegem is merely registered as the "contact." The "contact," by the terms of Amazon's own agreement is not the entity that promised to be responsible per the terms of the contract.

This issue should be settled immediately. Gysegem cannot be held personally liable in this matter because such an action would go against the specific terms of the governing contract. The agreement in this matter stipulates that Gysegem is not the party with which Amazon is contracted, it is the corporate entity involved in the matter, Reeftec.

i) **Reeftec is a Separate and Distinct Entity from Gysegem.**

---

[3] *Papa John's Int'l v. Rezko*, 446 F. Supp. 2d 801, 812 (N.D. Ill. 2006) quoting *Dugan v. Petty*, 1993 U.S. Dist. LEXIS 11466, 1993 WL 317260, * 2 (N.D.Ill.1993).

Under Illinois law, "a corporation is a legal entity separate and distinct from its shareholders, officers and directors and, generally, from other corporations with which it may be affiliated."[4] This is true even when a corporation is closely held or has a single shareholder.[5]

### ii) The Court Lacks Personal Jurisdiction - Gysegem Never Personally Contracted with Amazon.

Reeftec signed a contract with Amazon and that agreement was signed by Gysegem, acting solely on behalf of the corporation. Since Gysegem only acted on behalf of the corporation, the only party in contract with Amazon, disputes raised against him personally in this matter should be dismissed.

What solely exists is a contract between Amazon and Reeftec. All of Gysegem's acts were solely as a member and manager of that corporation:

• Amazon never sought or obtained any agreements from Gysegem, individually;

• Amazon never sought or obtained any personal guarantee from Gysegem.

Gysegem's right to due process is protected by the Fourteenth Amendment.[6] Due process includes the right not to be bound by decisions rendered against him in which there is no personal jurisdiction. Absent an agreement by Gysegem in his personal capacity, or some fraud perpetrated by Gysegem, which may allow for piercing the corporate veil, which has not been alleged, the Court has no authority over Gysegem and therefore he should be dismissed.

With specific regard to any argument that Gysegem's being the sole member or signing the agreements and thus the Corporation may equate to him personally entering into a contract with

---

[4] *Van Dorn Co. v. Future Chem. and Oil Corp.*, 753 F.2d 565, 569 (7th Cir. 1985).
[5] *Gallagher v. Reconco Builders, Inc.*, 91 Ill. App. 3d 999, 415 N.E.2d 560, 563, 47 Ill. Dec. 555 (Ill. App. 1980).
[6] Attachment T: U.S. Const. amend XIV § I.

Amazon, it is important to remember that when a corporate officer or an agent for a disclosed principal signs a contract in which [his] affiliation accompanies [his] signature, then unless the contract contains evidence of contrary intent, the officer is not personally bound.[7] Corporation's actions "cannot be simply imputed to a corporate officer or employee for purposes of determining whether there are minimum contacts necessary to establish jurisdiction." In the present case, Gysegem signed solely on behalf of the Corporation.

Furthermore, there is a longstanding concept in contract law, contra proferentem, i.e. interpretation against the draftsman. "In choosing among the reasonable meanings of a promise or agreement or a term thereof, that meaning is generally preferred which operates against the party who supplies the words or from whom a writing otherwise proceeds."[8] The decisions rendered and Restatement position, taken together, lead only to the conclusion that Gysegem signed in his capacity as the Corporation's principal and not individually.

As a result of the aforementioned, Gysegem cannot be held personally liable for any alleged actions of Reeftec. As such, all claims against Gysegem personally should be dismissed.

### iii) There Are No Grounds to Pierce the Corporate Veil

Plaintiff's only means by which they may establish personal jurisdiction over Gysegem would be to pierce the corporate veil. However, Plaintiff has made no claims as of yet to pierce the corporate veil and furthermore, there are no grounds to do so under Illinois law. Under Illinois law, separate corporate existence is the rule to which piercing the corporate veil is a stringently

---

[7] *Wottowa Ins. Agency v. Bock,* 104 Ill. 2d 311, 315, 472 N.E.2d 411, 413, 84 Ill. Dec. 451 (1984); *Ameritech Publ'g of Ill., Inc. v. Hadyeh,* 362 Ill. App. 3d 56, 62, 839 N.E.2d 625, 632, 298 Ill. Dec. 302 (2005).
[8] Attachment V: Restatement (Second) of Contracts § 206 (1981).

applied exception."[9] To pierce the corporate veil under Illinois law, a plaintiff must establish two elements:

> (1) "there must be such unity of interest and ownership that the separate personalities of the corporation and the individual [or other corporation] no longer exist"; *and* (2) "circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice."[10]

In determining whether the requisite degree of control is maintained by one corporation over the affairs of another to justify disregarding their separate corporate identities, the Illinois courts have considered some of the following: (1) the failure to maintain adequate corporate records or to comply with corporate formalities, (2) the commingling of funds or assets, (3) undercapitalization, and (4) one corporation treating the assets of another corporation as its own.[11] The separate corporate identities will be disregarded only if the condition claimed to be unjust to creditors is a result of the abuses of the corporate form.[12] Although an intent to defraud creditors would surely play a part if established, the Illinois test does not require proof of such intent. Once the first element of the test is established, *either* the sanctioning of a fraud (intentional wrongdoing) *or* the promotion of injustice, will satisfy the second element.

Plaintiff failed to allege grounds to pierce the corporate protections and failed to provide any evidence of any other factors. Plaintiff has presented no evidence and raised no allegations

---

[9] *Chicago Florsheim Shoe Store Co. v. Cluett, Peabody & Co., Inc.*, 826 F.2d 725, 728 (7th Cir. 1987).
[10] *Van Dorn*, 753 F.2d at 569 (quoting *Macaluso v. Jenkins*, 420 N.E.2d 251, 255, 95 Ill. App. 3d 461, 464, 50 Ill. Dec. 934, 938 (2d Dist. 1981)).
[11] *Main Bank of Chicago v. Baker*, 86 Ill. 2d 188, 56 Ill. Dec 14, 427 N.E.2d 94, 102; *Macaluso v. Jenkins*, 420 N.E.2d at 256; *Wikelund Wholesale Company, Inc. v. Tile World Factory Tile Warehouse*, 57 Ill. App. 3d 269, 372 N.E.2d 1022, 14 Ill. Dec. 743 (1978); *Berlinger's Inc. v. Beef's Finest, Inc.*, 57 Ill. App. 3d 319, 372 N.E.2d 1043, 14 Ill. Dec. 764 (1978); *Stap v. Chicago Aces Tennis Team, Inc.*, 63 Ill. App. 3d 23, 28, 379 N.E.2d 1298, 20 Ill. Dec. 230 (1978).
[12] *See, Macaluso v. Jenkins*, 420 N.E.2d at 256-57.

that Reeftec and its principal are in violation of any of these factors that could potentially permit piercing of the corporate veil.

By the terms of Amazon's contract and the law, Gysegem and Reeftec are separate entities by the laws of Illinois state. Gysegem's signature on the agreement, therefore, was merely as a representative of the corporation; he never entered into a personal contract with Amazon or personally relinquished his due process rights. Lastly, there are no grounds by which Plaintiff may attempt to pierce the corporate veil nor have they raised any such legal claim. In summation, the Court should dismiss Gysegem from having any sort of personal liability in this dispute between Reeftec and the Plaintiff.

## I. CONCLUSION

Furthermore, Gysegem has no personal liability in this matter and this action purported by Plaintiff against him should be dismissed immediately. As such, the only remaining party to this matter is Reeftec, if any.

WHEREFORE, the Defendaant, Brian Gysegem, respectfully requests that the action against him be dismissed and for any and all further relief as this Court deems just and proper.

Dated: May 26, 2022.
Long Beach, New York

/s/Cory Jay ("CJ") Rosenbaum
Cory Jay Rosenbaum
Rosenbaum, Famularo & Segall, P.C.
By: Cory Jay Rosenbaum
amazonsellerslawyer.com
138A East Park Avenue
Long Beach, New York 11561
212.256.1109
cjr@amazonsellerslawyer.com