UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

———————————————————

PET-AG, INC., a Delaware corporation,

        Plaintiff,                      REEFTEC'S ANSWER

  -against-                               1:22-cv-02047

REEFTEC SYSTEMS, LLC, a Nevada limited
liability company, BRIAN GYSEGEM,
a natural person, and JOHN DOES 1-10,
individually or as corporations/business entities.

        Defendants.

———————————————————

       The Defendant, REEFTEC SYSTEMS, LLC, a Nevada limited liability company ("Reeftec" or "Defendant"), hereby files its answer and affirmative defenses, and, in support, states:

1.      Answering Defendant admits the allegations contained in paragraph 2 and 4 of Plaintiff's Complaint.

2.      Answering Defendant denies the allegations as phrased as contained in paragraph 3 of Plaintiff's Complaint.

3.      Answering Defendant denies knowledge or information to form a belief as to the truth of the allegations contained in paragraphs 1, 9, 13-24, 25-44, 45, 55-59, 60-77, 78-99, 100-107, 108, 134, 137, 139-140, 150-155, 167-169, 171, 188-190, 194, 196-197, 208, 211-215, 226-227, and 238 of Plaintiff's Complaint.

4.     Answering Defendant denies the allegations contained in paragraph 6-8, 10-12, 46-53, 54, 109-119, 120-126, 127-133, 135-136, 138, 141-149, 156-158, 159-165, 170, 172-179, 181-186, 191-193, 195, 198-207, 209, 216-224, 228-237, and 239 of Plaintiff's Complaint.

5.     Answering Defendant states that the documents would speak for themselves in paragraphs 5

6.     Answering Defendant repeats all responses to the allegations reiterated in paragraphs 166, 180, 187, 210, and 225 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE
## WAIVER, ACQUIESENCE, ESTOPPEL

7.     Each of the purported claims set forth in the Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

## SECOND AFFIRMATIVE DEFENSE
## NO WILLFULNESS

8.     Without admitting any infringement, Answering Defendant have not willfully infringed any claim of the patents-in-suit, or any trademarks-in-suit.

## THIRD AFFIRMATIVE DEFENSE
## NO DAMAGE

9.     Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Answering Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## FOURTH AFFIRMATIVE DEFENSE
## FAIR USE

10.     Plaintiff's claims are barred, in whole or in part, by the doctrines of fair use, nominative use and/or descriptive use.

## FIFTH AFFIRMATIVE DEFENSE
## FAILURE TO MITIGATE DAMAGES

11. Plaintiff has failed to mitigate its damages, if any.

## SIXTH AFFIRMATIVE DEFENSE
## DUPLICATIVE CLAIMS

12. Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

## SEVENTH AFFIRMATIVE DEFENSE
## THIRD-PARTY USE

13. Plaintiff's claims are barred, in whole or in part, by reason of other parties' use of one or all of the marks at issue.

## EIGHTH AFFIRMATIVE DEFENSE
## NON-INFRINGEMENT

14. Answering Defendant haS not infringed any applicable trademarks or patents under federal or state law.

## NINTH AFFIRMATIVE DEFENSE:
## CONCURRENT USE

15. The claims in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

## TENTH AFFIRMATIVE DEFENSE
## NO WILLFULNESS

16. Without admitting any infringement, Answering Defendant has not willfully infringed any claim of the patents-in-suit, or any trademarks-in-suit.

## ELEVENTH AFFIRMATIVE DEFENSE
## INNOCENT INFRINGEMENT

17. The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

## TWELFTH AFFIRMATIVE DEFENSE
### NO EXCEPTIONAL CASE

18. Answering Defendant's actions in defending this case do not give rise to an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117, or 35 U.S.C. § 285, or other applicable laws.

## THIRTEENTH AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM

19. Plaintiff has failed to state a claim upon which relief can be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE
### LACHES

20. Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Answering Defendant's actions.

## FIFTEENTH AFFIRMATIVE DEFENSE
### NO CAUSATION

21. Plaintiff's claims against Answering Defendant are barred because Plaintiff's damages, if any, were not caused by Answering Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE
### NO DAMAGE

22. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against Answering Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

SEVENTEENTH AFFIRMATIVE DEFENSE
FIRST SALE DOCTRINE

23. Plaintiff's claims against Answering Defendant are barred due to the First Sale Doctrine.

ADDITIONAL DEFENSES

24. Answering Defendant reserves the right to assert additional defenses based on information obtained during the course of discovery.

Wherefore, based upon the foregoing, the Answering Defendant prays an Order be entered:

(a) Dismissing each of the claims, and relief requested, in Plaintiff's Complaint in its entirety;

(b) Granting the Answering Defendant costs, fees and expenses incurred defending this matter;

(c) Granting the Answering Defendant all other appropriate relief.

Dated: May 26, 2022.

*Cory Jay Rosenbaum*
(electronically signed)
C.J. Rosenbaum, Esq.*
Rosenbaum, Famularo & Segall, P.C.
138A East Park Avenue
Long Beach, New York 11561
CJR@AmazonSellersLawyer.com
212-256-1109
NYS Bar #2669133

*Admitted to practice law in the State of New York as well as in the: Southern Dist. of New York; Eastern District of New York and Northern District of Illinois.